UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IRFAN GOKEE,

          Plaintiff,

    v.

A. NEIL CLARK *et al*.,

          Defendants,

Case No.  C08-5292FDB

REPORT AND RECOMMENDATION

**NOTED FOR**:
**JULY 18, 2008**

    This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrates' Rules MJR 1, MJR 3, and MJR 4.  Before the court is plaintiff's motion asking for immediate release from custody at the Northwest Detention Center (Dkt # 3).  Plaintiff is a detainee facing deportation.  This action is still in the initial stages and plaintiff has not been granted *in forma pauperis* status.  The court is waiting for plaintiff to cure the defects in his application (Dkt. # 2).  The complaint alleges failure to protect, and failure to provide adequate medical treatment after an assault by other detainees.

    In his motion plaintiff asks for release from custody so he can litigate this action.  Plaintiff's motion must be **DENIED**.

    When an incarcerated person is challenging the very fact or duration of his physical imprisonment, and

REPORT AND RECOMMENDATION
Page - 1

the relief he seeks will determine that he is or was entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). In June 1994, the United States Supreme Court held that "[e]ven a prisoner who has fully exhausted available state remedies **has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus.**" Heck v. Humphrey, 512 U.S. 477, 487 (1994)(emphasis added). The court added:

> Under our analysis the statute of limitations poses no difficulty while the state challenges are being pursued, since the § 1983 claim has not yet arisen. . . . [A] § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated.

Id. at 489. "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." Butterfield v. Bail, 120 F.3d 1023, 1024 (9th Cir.1997) (*quoting* Edwards v. Balisok, 520 U.S. 641 (1997)) .

Plaintiff cannot seek release from confinement in a Civil Rights Action. The court recommends the motion be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **JULY 18, 2008,** as noted in the caption.

DATED this 23 day of June, 2008.

/S/ *J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REPORT AND RECOMMENDATION
Page - 3